**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-4240**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAJA KIAMBU FITZPATRICK,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Thomas S. Kleeh, Chief District Judge.  (1:23-cr-00012-TSK-MJA-1)

───────────────

Submitted:  September 18, 2025           Decided:  December 11, 2025

───────────────

Before AGEE, WYNN, and RUSHING, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Brian J. Kornbrath, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Clarksburg, West Virginia, for Appellant.  William Ihlenfeld, United States Attorney, Jennifer T. Conklin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jaja Kiambu Fitzpatrick pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). Fitzpatrick entered into a written plea agreement, reserving the right to appeal the denial of his motions to dismiss the indictment and to suppress. The district court sentenced Fitzpatrick to a downward variance sentence of 63 months to be followed by three years of supervised release. On appeal, Fitzpatrick challenges the denial of both motions. We affirm.

Fitzpatrick first disputes the denial of his motion to dismiss the indictment, reasserting his claim that the federal felon-in-possession law is unconstitutional in light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 17 (2022) (holding that a firearm regulation is valid under the Second Amendment only if it "is consistent with this Nation's historical tradition of firearm regulation"). As Fitzpatrick acknowledges, this claim is foreclosed by *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024) (holding that "Section 922(g)(1) is facially constitutional because it has a plainly legitimate sweep and may constitutionally be applied in at least some set of circumstances" (cleaned up)). *See United States v. Hunt*, 123 F.4th 697, 702 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 2756 (2025). We therefore uphold the denial of Fitzpatrick's motion.

Next, Fitzpatrick challenges the denial of his motion to suppress, contending that the search warrant was stale and not supported by probable cause and that the good faith exception did not apply. "In reviewing a district court's denial of a motion to suppress, we review legal conclusions de novo and factual findings for clear error." *United States v. Pulley*, 987 F.3d 370, 376 (4th Cir. 2021) (internal quotation marks omitted). "Generally,

2

evidence seized in violation of the Fourth Amendment is subject to suppression under the exclusionary rule." *United States v. Andrews*, 577 F.3d 231, 235 (4th Cir. 2009). However, "evidence will not be suppressed if it is obtained by police officers in objectively reasonable reliance on a search warrant, even if that warrant later is determined to be invalid." *United States v. Blakeney*, 949 F.3d 851, 861 (4th Cir. 2020) (describing good faith exception to exclusionary rule announced in *United States v. Leon*, 468 U.S. 897, 922-23 (1984)). When, as here, a defendant challenges both a probable cause finding and the applicability of the good faith exception, we "may proceed to the good faith exception without first deciding whether the warrant was supported by probable cause." *United States v. Legg*, 18 F.3d 240, 243 (4th Cir. 1994).

"[A] warrant issued by a [judicial officer] normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search." *United States v. Perez*, 393 F.3d 457, 461 (4th Cir. 2004) (internal quotation marks omitted). However, the good faith exception does not apply "when the affidavit supporting the warrant was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." *United States v. Wellman*, 663 F.3d 224, 228-29 (4th Cir. 2011). In assessing whether the exception applies, our analysis is "confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal" in light of "all of the circumstances." *United States v. Leon*, 468 U.S. 897, 922 n.23 (1984).

Here, the affidavit detailed the information on which the officer relied, including his experience and knowledge relating to narcotics investigations, statements from

3

confidential informants, and findings from law enforcement investigations corroborating much of the information provided.  Considering the totality of information, the affidavit was not so lacking in indicia of probable cause as to render reliance on the warrant unreasonable, and the district court did not err in finding that the good faith exception applied.[*] *See Wellman*, 663 F.3d at 229.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Given this conclusion, we need not consider whether the affidavit was deficient in establishing probable cause and cast no doubt on the district court's decision in that regard.

4